# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONE L. KNOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-560-W |
| | ) | |
| RANDALL WORKMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Lee R. West referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss to which Petitioner has responded. Thus, the matter is at issue. For the following reasons, it is recommended that the motion be granted and the action be dismissed as untimely.

## I. BACKGROUND

By this action, Petitioner challenges his July 15, 1991 convictions pursuant to his pleas of guilty to a charge of escape from a correctional facility in two separate cases. Case Nos. CF-1991-1713 and CF-1991-2854, District Court of Oklahoma County.[1] Petitioner was sentenced to four years imprisonment on each conviction, to run concurrently. Petition, p.

---

[1] It appears that Petitioner has fully discharged his sentences in both cases and thus, he does not appear to satisfy the "in custody" requirement for this habeas action. However, since the Respondent did not raise the "in custody" issue and since the matter is easily disposed of on limitations grounds, the in custody issue has not been addressed.

1. Petitioner did not move to withdraw his guilty pleas or directly appeal his convictions. Petition, 2. Instead, on January 21, 2010, Petitioner filed an application for state post-conviction relief and an application seeking an appeal out of time. Petition, Ex. 1. The state district court denied his application on March 10, 2010, and that denial was affirmed by the Oklahoma Court of Criminal Appeals on May 11, 2010. Motion to Dismiss, Exs. 4, 5; Case No. PC-2010-278, Oklahoma Court of Criminal Appeals. Petitioner filed this action on May 25, 2010, raising four grounds for relief: double jeopardy due to the Oklahoma Department of Corrections' filing of a misconduct offense as a result of the same escapes that were the subject of the criminal cases; ineffective assistance of trial counsel; failure of the court to provide a competency/evidentiary hearing; and the state district court's denial of his application to file an appeal out of time. Petition, 6, 7, 9, 11.

In lieu of responding to the substantive grounds raised in the petition, Respondent has filed a motion to dismiss it as time barred. Respondent contends that nineteen years have now elapsed since Petitioner's convictions became final. Brief in Support of Motion to Dismiss, p. 2. Respondent argues that Petitioner's belated post-conviction application did not provide any statutory tolling of the limitations period as it was filed long after the one-year limit for filing his federal petition for a writ of habeas corpus had expired. Id. Finally, Respondent contends that Petitioner has failed to show any grounds for equitable tolling of the limitation period. Id. at 3.

## II. DISCUSSION

### A. The AEDPA Limitations Period

The Antiterrorism and Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996, established a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsections (B), (C), or (D), the limitations period generally begins to run from the date the judgment became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything suggesting that subsections (B), (C), or (D) would apply, so the petition's timeliness will be evaluated from the date Petitioner's convictions became final by the expiration of the time for seeking direct review.

Petitioner was convicted and sentenced on July 15, 1991. Petition, 1. He had ten days

from that date to move to withdraw his guilty pleas. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As he did not, his convictions became final for limitations purposes on July 25, 1991. See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (finding that petitioner's three convictions pursuant to guilty pleas were final ten days after the entry of each judgment and sentence where petitioner failed to appeal each conviction, citing Rule 4.2). Therefore, application of the one-year AEDPA limitations period would provide that the period began to run on July 26, 1991, and with no tolling, would have expired on July 26, 1992. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted);[2] United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding courts should employ anniversary method in calculating the AEDPA statute of limitations). However, because Petitioner was convicted prior to the enactment of the AEDPA in 1996, he had a "grace" period of one year from April 24, 1996, or until April 24, 1997, to file his federal habeas corpus petition. Hoggro v. Boone, 150 F.3d 1223, 1225-1226 (10th Cir. 1998). As the petition herein was filed on May 25, 2010, it is unquestionably untimely absent statutory or equitable tolling.

**B. Statutory Tolling**

The limitations period for seeking § 2254 relief is tolled while "a properly filed

---

[2]This and any other unpublished disposition are cited in accordance with Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, state court filings made after the expiration of the statute of limitations have no tolling effect upon the limitations period. Fisher, 262 F.3d at 1142-43. Petitioner's first application for state post-conviction relief was filed on January 21, 2010 – almost thirteen years after the AEDPA limitations grace period had expired. Thus, statutory tolling is unavailable.

**C. Equitable Tolling**

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate his entitlement to equitable tolling. Cooper v. Bravo, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller, 141 F.3d at 978).

Petitioner argues that the one-year limitations period should not bar his petition because (1) he did not know his constitutional rights had been violated until he had the assistance of someone trained in the law, and he lacked access to the law library and prison attorneys; and (2) he was an "incompetent, mental retarded person" during the years 1990 and 1991. Petitioner's Response to Motion to Dismiss, 2-5, 7; Petition, 14.

5

Petitioner's first proffered ground for equitable tolling is easily rejected as it is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999)). Any lack of access to the prison law library or to legal assistance alone would likewise not provide a basis for equitable tolling. Burger v. Scott, 317 F.3d 1133, 1142 (10th Cir. 2003) (delays caused by prison inmate law clerk and law library closure do not justify equitable tolling, citing Marsh); Gibson, 232 F.3d at 808 (a claim of insufficient access to relevant law is not enough to support equitable tolling).

Turning to Petitioner's second proffered basis for tolling, the Tenth Circuit Court of Appeals has never held that mental incapacity tolls the limitations period. Rivera v. Beck, No. 04-6317, 122 Fed. Appx. 408, 410 (10th Cir. Feb. 1, 2005), quoting Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996) (considering whether to equitably toll Title VII limitations period on basis of mental incapacity). Thus, there is no legal support for Petitioner's claim for equitable tolling. But see Reupert v. Workman, No. 01-6440, 45 Fed. Appx. 852, 854 (10th Cir. Sept. 3, 2002) (equitable tolling may be appropriate where there is adequate proof of incompetence.).

However, even if there was legal support for equitable tolling based on mental incapacity, Petitioner has not produced any evidence to factually support the claim. In Biester, the Court noted that the few courts which have recognized an exception for mental incapacity have limited the application of the equitable doctrine to exceptional

6

circumstances. Biester, 77 F.3d at 1268. Such exceptional circumstances might include an adjudication of incompetence, institutionalization for mental incapacity, or a showing that mental incapacity renders the individual incapable of pursuing his own claim. Reupert, 45 Fed. Appx. at 854.

Petitioner has not shown that he has been adjudicated incompetent or that he has been institutionalized for mental incapacity. In fact, the only evidence he offers in support of his claim of incompetency are two pages of progress notes from the Oklahoma Department of Corrections. Petitioner's Response to Motion to Dismiss, Exs. A and B. These notes merely show that in 1990 and 1991 Petitioner complained of seizures and asthma and received treatment for his complaints. They do not show that he was mentally incompetent. Moreover, nothing is reflected in the docket sheets from Petitioner's Oklahoma county cases to show that his mental condition was ever an issue. Further, if a litigant is capable of pursuing legal remedies during the relevant time period, equitable tolling based upon mental incapacity is not appropriate. Biester, 77 F.3d at 1268; Smith v. Saffle, No. 01-5078, 28 Fed. Appx. 759, 760 (10th Cir. Oct. 10, 2001) (refusing to equitably toll AEDPA limitations period where petitioner pursued state post-conviction relief). The undersigned takes notice that Petitioner has filed three actions in this Court: Knox v. Miles-LaGrange, No. CIV-03-413[3]; Knox v. Mullin, No. CIV-04-1167; and Knox v. Mullin, No. CIV-05-390. The undersigned also notes that a docket search in the Oklahoma State Courts Network reveals

---

[3]The dismissal in that case was found to constitute one "strike" pursuant to 28 USC 1915(g.).

numerous actions filed by Petitioner over the last eight years.

Lastly, Petitioner certainly has not shown that he has diligently pursued his federal habeas claims and thus equitable tolling is not available anyway. Gibson, 232 F.3d at 808; Miller, 141 F.3d at 978. Given the lack of legal authorities supporting Petitioner's argument for equitable tolling and the total failure on his part to provide details concerning his claims as well as his lack of diligence in pursuing his claims, equitable tolling based upon mental incapacity is not appropriate.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 14] be granted and the petition be dismissed as untimely. In light of the foregoing recommendation, Petitioner's "Motion for Evidentiary Hearing" [Doc. No. 4] and "Motion for Sanctions" [Doc. No. 13] are **DENIED.** The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 4, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This recommendation disposes of all matters referred to the undersigned.

**ENTERED** this 13th day of September, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE