IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA


FILED
OCT 19 2010
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

ANTONE L. KNOX, )
)
Petitioner, )
)
vs. ) No. CIV-10-560-W
)
RANDALL WORKMAN, )
)
Respondent. )

## ORDER

On September 13, 2010, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss Time-Barred Petition filed by respondent Randall Workman be granted and that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Antone L. Knox pursuant to title 28, section 2254 of the United States Code be dismissed as untimely. Knox was advised of his right to object to the Report and Recommendation, but he has not filed any objections within the allotted time.

On July 15, 1991, Knox, after pleas of guilty, was convicted in the District Court for Oklahoma County, Oklahoma, in two separate cases of escape from a penitentiary (21 O.S. § 443(B)). State v. Knox, No. CF-91-1713, No. CF-91-2854. He was sentenced on each charge to a term of imprisonment of four (4) years, the terms to be served concurrently.[1]

Knox did not move to withdraw his pleas of guilty. See Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (defendant must file application

---

[1]Respondent Workman has not asserted that Knox has failed to satisfy the "in custody" requirement for this habeas action.

to withdraw plea within ten (10) days from date of pronouncement of judgment and sentence). Knox likewise did not appeal his convictions and sentences.

On January 21, 2010, he filed in the state district court an Application for Post-Conviction Relief as well as an Application for Appeal Out of Time. Both were denied on July 6, 2010. Knox v. State, No. CF-1991-1713, No. CF- 2854. Knox appealed, and the Oklahoma Court of Criminal Appeals affirmed the state district court's rulings on May 11, 2010. Knox v. State, No. PC 2010-278 (Okla. Crim. May 11, 2010).

In the instant Petition, Knox asserted four grounds for relief. Workman did not challenge the merits of Knox's grounds for relief; he instead argued that he was entitled to dismissal because Knox's Petition is time-barred. Upon review of the record, the Court agrees with Workman and concurs with Magistrate Judge Argo's suggested disposition of this matter.

Knox's Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). Knox was convicted and sentenced on July 15, 1991; his sentences for limitations purposes became final ten (10) days later, on July 25, 1991. The applicable one-year period therefore began to run on July 26, 1991, and it expired on July 26, 1992. Knox's Petition file-stamped May 25, 2010, is therefore time-barred unless Knox can establish that this limitations period has been tolled, statutorily or equitably.

In reviewing Knox's submissions, the Court first finds that Knox has failed to demonstrate that he is entitled to statutory tolling. E.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted).

As the party seeking equitable tolling, Knox must "establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007))(footnote omitted). The record is clear that Knox has not diligently pursued his habeas claims, and no extraordinary circumstances have been advanced that would excuse Knox's untimeliness in filing the instant action or that would justify equitable tolling.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 17] filed on September 13, 2010;

(2) GRANTS Workman's Motion to Dismiss Time-Barred Petition [Doc. 14] filed on July 6, 2010;

(3) DENIES Knox's Motion for an Evidentiary Hearing [Doc. 4] file-stamped May 25, 2010, and his Emergency Motion for Sanctions [Doc. 13] file-stamped June 27, 2010; and

(4) DISMISSES with prejudice Knox's Petition file-stamped May 25, 2010, as time-barred.

ENTERED this 19th day of October, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE